IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HENRY MYLES,
        Plaintiff,

vs.                             5:07cv127/MCR/MD

ASST. WARDEN KENT,
CAPTAIN BASEFORD,
C.O. LEWIS, and C.O. CHANCE,
        Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

      Plaintiff is an inmate in the custody of the Florida Department of Corrections proceeding pro se. Currently pending before the court are plaintiff's amended civil rights complaint pursuant to 42 U.S.C. § 1983[1] (doc. 8) and a motion for leave to proceed *in forma pauperis*. (Doc. 10). Plaintiff has also filed a letter to Magistrate Judge Miles Davis (doc. 9), a motion for prohibition (doc. 11), motion for production of tape (doc. 12), motion for production of medical records and incident reports (doc. 13) and seven motions to subpoena witnesses (doc. 14, 15, 16, 17, 18, 19 and 20). Having reviewed the complaint, applicable statutes and controlling case law, the court finds that this complaint is subject to summary dismissal because plaintiff is not entitled to proceed *in forma pauperis* in this case.

      Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

---

[1] Plaintiff requested leave of court to file this amended complaint before he filed an *in forma pauperis* motion and before the court had the opportunity to review the initial complaint.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice of the fact plaintiff, who is a fairly prolific litigant by his own accounts, has had at least three of the cases he filed with this court dismissed as frivolous, malicious or for failure to state a claim/failure to exhaust his administrative remedies. See 5:05cv215/SPM/MD, 5:04cv156/LAC/MD, 4:00cv98/WS/WCS. Plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.* In this case, plaintiff's allegations center around alleged mistreatment in the past. He claims that he was improperly subjected to single handcuffing procedure, although his large frame required that two sets of handcuffs be used, and that he received improper medical care for injuries suffered as a result. He also alleges that false disciplinary reports were written against him.

The issue before the court is whether plaintiff is under imminent danger of serious physical injury and, therefore, entitled to proceed in forma pauperis. Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed *in forma pauperis*. According to the Eleventh Circuit, in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as

*Case No: 5:07cv127/MCR/MD*

a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; *Jackson v. Reese,* 608 F.2d 159, 160 (5th Cir. 1979); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint).

Clearly, plaintiff seeks only to redress past harm. His allegations, even if true, do not entitle him to proceed *in forma pauperis* in this case as they do not suggest that he is under imminent danger of serious injury as required by § 1915(g). Therefore, plaintiff may not proceed *in forma pauperis* and this action should be dismissed without prejudice. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee at the time of filing.

With respect to plaintiff's other submissions, plaintiff is advised that it is inappropriate to communicate with the court via letter. Every paper he files after the complaint must have the name of this court, the case style, the case number and the title of the pleading. The title should be a brief summary of the contents of the pleading or

motion, for instance "motion for extension of time." The body of the pleading should make clear the nature of the request and what he wants the court to do for him. "An application to the court for an order shall be by motion." Fed. R. Civ.P. 7(b)(1). Relief cannot be requested from the court in letter form.

Plaintiff's motion for prohibition (doc. 11) seeks an order directing the defendants not to retaliate against him because he filed a civil rights complaint. Retaliation against an inmate for the exercise of a first amendment right is a separate constitutional violation. *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir.1997). If it ultimately appears that this has been done, plaintiff may file a separate civil rights complaint to address these constitutional injuries, after exhaustion of his administrative remedies, keeping in mind the limitations of 42 U.S.C. § 1997e(e) which provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury," and § 1915(g).

Even if plaintiff's complaint were properly before the court for consideration, plaintiff's motions for production of tape, production of medical records and to subpoena witnesses would and will be denied. Discovery is typically disallowed at such an early stage of pro se prisoner proceedings.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 10) is DENIED.

Plaintiff's motion for prohibition (doc. 11), motion for production of tape (doc. 12), motion for production of medical records and incident reports (doc. 13) and motions to subpoena witnesses (doc. 14, 15, 16, 17, 18, 19 and 20) are DENIED.

And it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 17th day of July, 2007.

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).